IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-60655
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNETTA FREEMAN-WARNER,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CR-31-2-GR

———————————

July 23, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bernetta Freeman-Warner pleaded guilty to possession of fictitious obligations in violation of 18 U.S.C. § 514(a)(2). Her court-appointed counsel, Nathan Clark, filed an appellate brief arguing that the district court erred by denying the request for a reduction in offense level based on Freeman-Warner's having had a minor role in the offense. The government filed a motion to dismiss the appeal based on the waiver of appeal provision in the

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties' written memorandum of understanding upon Freeman-Warner's guilty plea.

Clark then filed a motion to respond out of time and for leave to withdraw citing *Anders v. California*,[1] and asserting that the issue he previously had raised was frivolous. Freeman-Warner has filed a response to the motion. She argues that she should be resentenced because the district court erred by increasing her offense level for involving more than minimal planning and more than one victim, denying her motion for a reduction based on her allegedly minor role in the offense, sentencing her based on a loss of between $5,000 and $10,000 when she was ordered to pay only $2,856.81 in restitution, and sentencing her to five years of "probation" when only three years of "probation" were imposed. She also contends that upon paying restitution her "probation" should end.

Our independent review of the brief, the motions, Freeman-Warner's response, and the record discloses no nonfrivolous issue for appeal. Freeman-Warner has not argued that her waiver of appeal was uninformed or involuntary, nor does the record admit of any doubt as to her understanding of and free consent to the waiver.[2] Accordingly, the motion to respond out of time, counsel's motion for leave to withdraw, and the government's motion to

---

[1] 386 U.S. 738 (1967).

[2] *Compare United States v. Martinez*, 263 F.3d 436, 438-39 (5th Cir. 2001).

dismiss are GRANTED; counsel is excused from further responsibilities herein; and Freeman-Warner's appeal is DISMISSED.[3]

---

[3] *See* 5TH CIR. R. 42.2.